## UNITED STATE DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| ************************************ | * CIVIL ACTION NO: |
| Deutsche Bank National Trust Company, as Trustee, in trust for Registered Holders of Soundview Home Loan Trust 2007-WMC1, Asset-Backed Certificates, Series 2007-WMC1 | * * * * * * * * |
| Plaintiff | * COMPLAINT |
| | * 104-106 Manson Avenue |
| vs. | * Kittery, ME 03904 |
| | * Book 14991, Page 226 |
| Harold J. LeClair III a/k/a Harold LeClair Nathale L. LeClair a/k/a Nathalie L. LeClair | * * * * |
| Defendants | * |
| NCO Portfolio Management, Inc. Arrow Financial Services; | * * |
| Maine Revenue Services | * * |
| Parties-In-Interest | * * * * * |
| ************************************ | |

NOW COMES the Plaintiff, Deutsche Bank National Trust Company, as Trustee, in trust for Registered Holders of Soundview Home Loan Trust 2007-WMC1, Asset-Backed Certificates, Series 2007-WMC1, by and through its attorneys, Doonan Graves and Longoria LLC, and hereby complains against the Defendants, Harold J. LeClair III a/k/a Harold LeClair and Nathale L. LeClair a/k/a Nathalie L. LeClair, as follows:

# JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Pursuant to 28 U.S.C. § 1651 any court of the United States may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law; further any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Deutsche Bank National Trust Company, as Trustee, in trust for Registered Holders of Soundview Home Loan Trust 2007-WMC1, Asset-Backed Certificates, Series 2007-WMC1, in which the Defendants is the obligor and the total amount owed under the terms of the Note two hundred fifty-three thousand, one hundred fourteen and 86/100 ($253,114.86) dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the subject property is located in Maine.

## PARTIES

1. Deutsche Bank National Trust Company, as Trustee, in trust for Registered Holders of Soundview Home Loan Trust 2007-WMC1, Asset-Backed Certificates, Series 2007-WMC1 is a corporation organized under the laws of the State of New York, with its principal place of business located at 60 Wall Street, New York, NY 10005.

2. The Defendant, Harold J. LeClair III a/k/a Harold LeClair, is a resident of Kittery, County of York, and State of Maine.

3. The Defendant, Nathale L. LeClair a/k/a Nathalie L. LeClair, is a resident of Kittery, County of York, and State of Maine

4. The Party-in-Interest, NCO Portfolio Management, Inc., is a corporation organized under the laws of the State of Maryland, with its principal place of business located at 1705 Whitehead Road, Baltimore, MD 21207.

5. The Party-in-Interest, Arrow Financial Services, is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located at 5996 West Touhy Avenue, Niles, IL 60714.

6. The Party-in-Interest, Maine Revenue Services, is a government entity of the State of Maine, and is located at 111 Sewell Street, 6th Floor, Augusta, ME 04333.

## FACTS

7. On February 1, 1996, by virtue of a Warranty Deed from Eunice Gail Nock, which is recorded in the York County Registry of Deeds in **Book 7711, Page 262,** the property situated at 104-106 Manson Avenue, Kittery, County of York, and State of Maine, was conveyed to the Defendants, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On October 19, 2006, the Defendants executed and delivered to WMC Mortgage Corp., a certain Note in the amount of $204,000.00 (herein after referred to as "Note"). *See* Exhibit B (a true and correct copy of the note is attached hereto and incorporated herein).

9. To secure said Note, on October 19, 2006, the Defendants executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for WMC Mortgage Corp., securing the property located at 104-106 Manson Avenue, Kittery, ME 03904**,** which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 14991, Page 0226** (herein after referred to as "Mortgage"). *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. On May 9, 2012, Defendant Harold J. LeClair III a/k/a Harold LeClair executed a Loan Modification Agreement which increased the principal amount of the Note to $246,658.85 (herein after referred to as "Loan Modification"). *See* Exhibit D (a true and correct copy of the Loan Modification is attached hereto and incorporated herein).

11. The Mortgage was then assigned to the Plaintiff by virtue of an Assignment of Mortgage dated November 3, 2011, and recorded in the York County Registry of Deeds in **Book 16201, Page 799** (herein after referred to as the "Assignment"). *See* Exhibits E (a true and correct copies of the Assignment is attached hereto and incorporated herein).

12. The transfer of all rights to the Plaintiff is further confirmed and ratified by virtue of a Quitclaim Assignment from WMC Mortgage Corp., to the Plaintiff, dated September 14, 2015, and recorded in the York County Registry of Deeds in **Book 17108, Page 596** (herein after referred to as the "Quitclaim Assignment"). *See* Exhibit F (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

13. On December 11, 2015, the Defendants was sent a Notice of Mortgagor's Right to Cure, which was received on January 6, 2016 (herein after referred to as the "Demand Letter"). *See* Exhibit G (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

14. The Demand Letter informed the Defendants of the payment due date; the total amount necessary to cure the default, and the deadline by which the default must be cured, which was no more than thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit G.

15. The Defendants failed to cure the default prior to the expiration of the Demand Letter.

16. Deutsche Bank National Trust Company, as Trustee, in trust for Registered Holders of Soundview Home Loan Trust 2007-WMC1, Asset-Backed Certificates, Series 2007-WMC1 is the present holder of the Note pursuant to possession of the note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

17. Deutsche Bank National Trust Company, as Trustee, in trust for Registered Holders of Soundview Home Loan Trust 2007-WMC1, Asset-Backed Certificates, Series 2007-WMC1 is the lawful holder and owner of the Note and Mortgage.

18. The total debt owned under the Note and Mortgage as of July 1, 2016, is two hundred fifty-three thousand, one hundred fourteen and 86/100 ($253,114.86) dollars, which includes: unpaid principal in the amount of two hundred thirty-three thousand, two hundred sixty-eight dollars and 67/100 ($233,268.67); interest due in the amount of twelve thousand, nine hundred seventy-three dollars and 22/100 ($12,973.22); escrow advance in the amount of five thousand, seven hundred eighty-eight dollars and 31/100 ($5,788.31); a credit for a suspense balance in the amount of five dollars and 00/100 ($5.00); total fees in the amount of twenty-two dollars and 03/100 ($22.03); accumulated late charges in the amount of fifty-

seven dollars and 63/100 ($57.63); other fees due in the amount of twenty dollars and 00/100 ($20.00); and recoverable balance in the amount of nine hundred ninety dollars and 00/100 ($990.00).

19. Upon information and belief, the Defendants are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

20. Deutsche Bank National Trust Company, as Trustee, in trust for Registered Holders of Soundview Home Loan Trust 2007-WMC1, Asset-Backed Certificates, Series 2007-WMC1, repeats and realleges paragraphs 1 through 19 as if fully set forth herein.

21. This is an action for foreclosure respecting a real estate related mortgage and title located at 104-106 Manson Avenue, Kittery, County of York, and State of Maine. *See* Exhibit A.

22. The Plaintiff is the holder of the Note referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff has the right to foreclosure upon the subject property.

23. Deutsche Bank National Trust Company, as Trustee, in trust for Registered Holders of Soundview Home Loan Trust 2007-WMC1, Asset-Backed Certificates, Series 2007-WMC1, is the current owner and investor of the aforesaid Mortgage and Note.

24. Defendants Harold J. LeClair III a/k/a Harold LeClair and Nathale L. LeClair a/k/a Nathalie L. LeClair are presently in default on said Mortgage and note, having failed to make the monthly payment due January 1, 2015, and all subsequent payments, and therefore, has breached the condition of the aforesaid Mortgage and Note.

25. The total debt owned under the Note and Mortgage as of July 1, 2016, is two hundred fifty-three thousand, one hundred fourteen and 86/100 ($253,114.86) dollars, which includes: unpaid principal in the amount of two hundred thirty-three thousand, two hundred sixty-eight dollars and 67/100 ($233,268.67); interest due in the amount of twelve thousand, nine hundred seventy-three dollars and 22/100 ($12,973.22); escrow advance in the amount of five thousand, seven hundred eighty-eight dollars and 31/100 ($5,788.31); a credit for a suspense balance in the amount of five dollars and 00/100 ($5.00); total fees in the amount of twenty-two dollars and 03/100 ($22.03); accumulated late charges in the amount of fifty-seven dollars and 63/100 ($57.63); other fees due in the amount of twenty dollars and 00/100 ($20.00); and recoverable balance in the amount of nine hundred ninety dollars and 00/100 ($990.00).

26. NCO Portfolio Management, Inc., is a Party-in-Interest pursuant to a Writ of Execution in the amount of $21,431.01, dated April 18, 2008, which is recorded in the York County Registry of Deeds in **Book 15402, Page 214,** and is in second position behind Plaintiff's Mortgage.

27. Arrow Financial Services is a Party-in-Interest pursuant to a Writ of Execution in the amount of $2,719.86, dated March 8, 2010, which is recorded in the York County Registry of Deeds in **Book 15849, Page 541,** and is in third position behind Plaintiff's Mortgage.

28. Arrow Financial Services is also a Party-in-Interest pursuant to a Writ of Execution in the amount of $2,608.60, dated March 8, 2010, which is recorded in the York County Registry of Deeds in **Book 15848, Page 560,** and is in fourth position behind Plaintiff's Mortgage.

29. Maine Revenue Services is a Party-in-Interest pursuant to a Notice of State Tax Lien in the amount of $2,019.44, dated October 14, 2014, which is recorded in the York County Registry of Deeds in **Book 16919, Page 574,** and is in fifth position behind Plaintiff's Mortgage.

30. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of the these proceedings affecting the mortgaged premises at issue herein.

31. By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

32. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants on December 11, 2015, and received on January 6, 2016. *See* Exhibit G.

33. The Defendants are not in the Military as evidenced by the attached Exhibit H.

## COUNT II – BREACH OF NOTE

34. Deutsche Bank National Trust Company, as Trustee, in trust for Registered Holders of Soundview Home Loan Trust 2007-WMC1, Asset-Backed Certificates, Series 2007-WMC1, repeats and realleges paragraphs 1 through 33 as if fully set forth herein.

35. On October 19, 2006, the Defendants executed and delivered to WMC Mortgage Corp., a certain Note in the amount of $204,000.00. *See* Exhibit B.

36. Defendants Harold J. LeClair III a/k/a Harold LeClair and Nathale L. LeClair a/k/a Nathalie L. LeClair are in default under the terms of the Note for failure to properly tender the January 1, 2015, payment, and all subsequent payments. *See* Exhibit G.

37. Deutsche Bank National Trust Company, as Trustee, in trust for Registered Holders of Soundview Home Loan Trust 2007-WMC1, Asset-Backed Certificates, Series 2007-WMC1, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants.

38. The Defendants, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

39. Defendants Harold J. LeClair III a/k/a Harold LeClair and Nathale L. LeClair a/k/a Nathalie L. LeClair's breach is knowing, willful, and continuing.

40. Defendants Harold J. LeClair III a/k/a Harold LeClair and Nathale L. LeClair a/k/a Nathalie L. LeClair has caused Plaintiff Deutsche Bank National Trust Company, as Trustee, in trust for Registered Holders of Soundview Home Loan Trust 2007-WMC1, Asset-Backed Certificates, Series 2007-WMC1, to suffer actual damages, including, but not limited to, money lent, interest, expectancy damages, as well as attorney's fees and costs.

41. The total debt owned under the Note and Mortgage as of July 1, 2016, is two hundred fifty-three thousand, one hundred fourteen and 86/100 ($253,114.86) dollars, which includes: unpaid principal in the amount of two hundred thirty-three thousand, two hundred sixty-eight dollars and 67/100 ($233,268.67); interest due in the amount of twelve thousand, nine hundred seventy-three dollars and 22/100 ($12,973.22); escrow advance in the amount of five thousand, seven hundred eighty-eight dollars and 31/100 ($5,788.31); a credit for a suspense balance in the amount of five dollars and 00/100 ($5.00); total fees in the amount of twenty-two dollars and 03/100 ($22.03); accumulated late charges in the amount of fifty-seven dollars and 63/100 ($57.63); other fees due in the amount of twenty dollars and 00/100 ($20.00); and recoverable balance in the amount of nine hundred ninety dollars and 00/100 ($990.00).

42. Injustice can only be avoided by awarding damages for the total amount owned under the note, including interest, plus costs and expenses, including attorney's fees.

### COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

43. Deutsche Bank National Trust Company, as Trustee, in trust for Registered Holders of Soundview Home Loan Trust 2007-WMC1, Asset-Backed Certificates, Series 2007-WMC1, repeats and realleges paragraphs 1 through 42 as if fully set forth herein.

44. By executing, under seal, and delivering the Note, Defendants Harold J. LeClair III a/k/a Harold LeClair and Nathale L. LeClair a/k/a Nathalie L. LeClair entered into a written contract with WMC Mortgage Corp., who agreed to loan the amount of two hundred four thousand ($204,000.00) dollars to the Defendants. *See* Exhibit B.

45. As part of this contract and transaction, Defendants Harold J. LeClair III a/k/a Harold LeClair and Nathale L. LeClair a/k/a Nathalie L. LeClair executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

46. Deutsche Bank National Trust Company, as Trustee, in trust for Registered Holders of Soundview Home Loan Trust 2007-WMC1, Asset-Backed Certificates, Series 2007-WMC1, is the proper holder of the Note and successor-in-interest to WMC Mortgage Corp., and has performed its obligations under the Note and Mortgage.

47. Defendants Harold J. LeClair III a/k/a Harold LeClair and Nathale L. LeClair a/k/a Nathalie L. LeClair breached the terms of the Note and Mortgage by failing to properly tender the January 1, 2015, payment, and all subsequent payments. *See* Exhibit G.

48. Deutsche Bank National Trust Company, as Trustee, in trust for Registered Holders of Soundview Home Loan Trust 2007-WMC1, Asset-Backed Certificates, Series 2007-WMC1, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants.

49. Defendants Harold J. LeClair III a/k/a Harold LeClair and Nathale L. LeClair a/k/a Nathalie L. LeClair, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

50. Defendants Harold J. LeClair III a/k/a Harold LeClair and Nathale L. LeClair a/k/a Nathalie L. LeClair is indebted to Deutsche Bank National Trust Company, as Trustee, in trust for Registered Holders of Soundview Home Loan Trust 2007-WMC1, Asset-Backed Certificates, Series 2007-WMC1 in the sum of two hundred thirty-five thousand, five hundred thirty-one and 13/100 ($235,547.13) dollars, for money lent by Plaintiff to the Defendants.

51. Defendants Harold J. LeClair III a/k/a Harold LeClair and Nathale L. LeClair a/k/a Nathalie L. LeClair's breach is knowing, willful, and continuing.

52. Defendants Harold J. LeClair III a/k/a Harold LeClair and Nathale L. LeClair a/k/a Nathalie L. LeClair's breach has caused Plaintiff Deutsche Bank National Trust Company, as Trustee, in trust for Registered Holders of Soundview Home Loan Trust 2007-WMC1, Asset-Backed Certificates, Series 2007-WMC1, to suffer actual damages, including, but not limited to, money lent, interest, expectancy damages, as well as attorney's fees and costs.

53. The total debt owned under the Note and Mortgage as of July 1, 2016, is two hundred fifty-three thousand, one hundred fourteen and 86/100 ($253,114.86) dollars, which includes: unpaid principal in the amount of two hundred thirty-three thousand, two hundred sixty-eight dollars and 67/100 ($233,268.67); interest due in the amount of twelve thousand, nine hundred seventy-three dollars and 22/100 ($12,973.22); escrow advance in the amount of five thousand, seven hundred eighty-eight dollars and 31/100 ($5,788.31); a credit for a suspense balance in the amount of five dollars and 00/100 ($5.00); total fees in the amount of twenty-two dollars and 03/100 ($22.03); accumulated late charges in the amount of fifty-

seven dollars and 63/100 ($57.63); other fees due in the amount of twenty dollars and 00/100 ($20.00); and recoverable balance in the amount of nine hundred ninety dollars and 00/100 ($990.00).

54. Injustice can only be avoided by awarding damages for the total amount owned under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney's fees.

## COUNT IV – QUANTUM MERUIT

55. Deutsche Bank National Trust Company, as Trustee, in trust for Registered Holders of Soundview Home Loan Trust 2007-WMC1, Asset-Backed Certificates, Series 2007-WMC1, repeats and realleges paragraphs 1 through 54 as if fully set forth herein.

56. WMC Mortgage Corp., predecessor-in-interest to Deutsche Bank National Trust Company, as Trustee, in trust for Registered Holders of Soundview Home Loan Trust 2007-WMC1, Asset-Backed Certificates, Series 2007-WMC1, loaned Defendants Harold J. LeClair III a/k/a Harold LeClair and Nathale L. LeClair a/k/a Nathalie L. LeClair $204,000.00. *See* Exhibit B.

57. Defendants Harold J. LeClair III a/k/a Harold LeClair and Nathale L. LeClair a/k/a Nathalie L. LeClair are in default under the terms of the Note and Mortgage by failing to properly tender the January 1, 2015, payment, and all subsequent payments. *See* Exhibit G.

58. As a result of the Defendants' failure to perform under the Note and Mortgage, the Defendants have been unjustly enriched at the expense of the Plaintiff, Deutsche Bank National Trust Company, as Trustee, in trust for Registered Holders of Soundview Home Loan Trust 2007-WMC1, Asset-Backed Certificates, Series 2007-WMC1.

59. As such, Plaintiff Deutsche Bank National Trust Company, as Trustee, in trust for Registered Holders of Soundview Home Loan Trust 2007-WMC1, Asset-Backed Certificates, Series 2007-WMC1, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V – UNJUST ENRICHMENT

60. Deutsche Bank National Trust Company, as Trustee, in trust for Registered Holders of Soundview Home Loan Trust 2007-WMC1, Asset-Backed Certificates, Series 2007-WMC1, repeats and realleges paragraphs 1 through 59 as if fully set forth herein.

61. WMC Mortgage Corp., predecessor-in-interest to Deutsche Bank National Trust Company, as Trustee, in trust for Registered Holders of Soundview Home Loan Trust 2007-WMC1, Asset-Backed Certificates, Series 2007-WMC1, loaned Defendants Harold J. LeClair III a/k/a Harold LeClair and Nathale L. LeClair a/k/a Nathalie L. LeClair $204,000.00. *See* Exhibit B.

62. Defendants Harold J. LeClair III a/k/a Harold LeClair and Nathale L. LeClair a/k/a Nathalie L. LeClair has failed to repay the loan obligation under the terms of the Note and Mortgage.

63. As a result, Defendants Harold J. LeClair III a/k/a Harold LeClair and Nathale L. LeClair a/k/a Nathalie L. LeClair have been unjustly enriched to the determined of the Plaintiff, Deutsche Bank National Trust Company, as Trustee, in trust for Registered Holders of Soundview Home Loan Trust 2007-WMC1, Asset-Backed Certificates, Series 2007-WMC1, as successor-in-interest to WMC Mortgage Corp., by having received the aforesaid benefits and money and not repaying the said benefits and money.

64. As such, Plaintiff Deutsche Bank National Trust Company, as Trustee, in trust for Registered Holders of Soundview Home Loan Trust 2007-WMC1, Asset-Backed Certificates, Series 2007-WMC1, is entitled to relief.

PRAYERS FOR RELIEF

WHEREFORE, Plaintiff, Deutsche Bank National Trust Company, as Trustee, in trust for Registered Holders of Soundview Home Loan Trust 2007-WMC1, Asset-Backed Certificates, Series 2007-WMC1, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Maine Title 14 § 6322;

b) Grant possession to the Plaintiff upon the expiration of the period of redemption;

c) Find that the Defendants is in breach of the Note by failing to make the payment due as of January 1, 2015, and all subsequent payments;

d) Find that the Defendants is in breach of the Mortgage by failing to make the payment due January 1, 2015, and all subsequent payments;

e) Find that Defendants entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that that Defendants is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due January 1, 2015, and all subsequent payments;

g) Find that Plaintiff is entitle to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the Note and Mortgage, the Defendants has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles Plaintiff to restitution;

j) Find that the Defendants is liable to the Plaintiff for money had and received;

k) Find that the Defendants is liable to the Plaintiff for quantum meruit;

l) Find the Defendants have appreciated and retained the benefit of the Mortgage;

m) Find that it would be inequitable for the Defendants to continue to appreciate and retain the benefit of the Mortgage without recompensing the appropriate value;

n) Find that the Plaintiff is entitle to restitution for this benefit from the Defendants;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees, and court costs;

p) Additionally, issue a money judgment against the Defendants and in favor of Deutsche Bank National Trust Company, as Trustee, in trust for Registered Holders of Soundview Home Loan Trust 2007-WMC1, Asset-Backed Certificates, Series 2007-WMC1, in the amount of two hundred thirty-five thousand, five hundred thirty-one and 13/100 ($235,547.13) dollars, the total debt owned under the note plus interest and costs, including attorney's fees and costs;

q) Find that Deutsche Bank National Trust Company, as Trustee, in trust for Registered Holders of Soundview Home Loan Trust 2007-WMC1, Asset-Backed Certificates, Series 2007-WMC1 is entitled to a Writ of Assistance and Writ of Possession allowing the U.S. Marshal or Constable appointed by this Court to sell the Property originally pledged as collateral for the Note and remove the Defendants and those residing under them and their personal property from the Property located at 104-106 Manson Avenue, Kittery, ME 03904; and

r) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Deutsche Bank National Trust Company, as Trustee,
in trust for Registered Holders of Soundview Home
Loan Trust 2007-WMC1, Asset-Backed Certificates,
Series 2007-WMC1,
By its attorneys,

Dated: August 24, 2016

/s/ John A. Doonan
John Doonan, Esq. (BBO# 3250)
Doonan, Graves & Longoria, LLC
100 Cummings Center Suite 225D
Beverly, MA 01915
Tel. (978) 921-2670